THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:12-cv-00348-MR-DLH

| | |
|---|---|
| LORA STARLING, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **MEMORANDUM OF** |
| vs. ) | **DECISION AND ORDER** |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Commissioner of Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Plaintiff's Motion to Receive New and Material Evidence and Remand Case [Doc. 11], the Defendant's Response to Plaintiff's Motion to Receive New and Material Evidence and Remand Case [Doc. 15], the Plaintiff's Motion for Summary Judgment [Doc. 13], and the Defendant's Motion for Summary Judgment [Doc. 16].

## I. PROCEDURAL HISTORY

The Plaintiff Lora Starling filed an application for disability insurance benefits and supplemental security income on February 27, 2009, alleging that she had become disabled as of June 1, 2008. [Transcript ("T.") 146-58, 194]. The Plaintiff's application was denied initially [T. 106-07, 120-24] and on reconsideration [T. 108-09, 118-19, 129-34]. The Plaintiff

requested a hearing before an Administrative Law Judge ("ALJ") which occurred on October 6, 2010. [T. 51-97]. The Plaintiff amended her onset date to November 24, 2008 at her hearing. [T. 57]. On December 20, 2010, the ALJ issued an unfavorable decision. [T. 25-35]. On August 27, 2012, the Appeals Council denied the Plaintiff's request for review, thereby making the ALJ's decision the final decision of the Commissioner. [T. 1-3]. The Plaintiff has exhausted all available administrative remedies, and this case is now ripe for review pursuant to 42 U.S.C. § 405(g).

## II.  STANDARD OF REVIEW

The Court's review of a final decision of the Commissioner is limited to (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 401 (1971), and (2) whether the Commissioner applied the correct legal standards, Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). The Court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986).

The Social Security Act provides that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive. . . ." 42 U.S.C. § 405(g). The Fourth Circuit has defined "substantial evidence" as "more than a scintilla and [doing]

2

more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401).

The Court may not re-weigh the evidence or substitute its own judgment for that of the Commissioner, even if it disagrees with the Commissioner's decision, so long as there is substantial evidence in the record to support the final decision below. Hays, 907 F.2d at 1456; Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

## III. PLAINTIFF'S SUBMISSION OF NEW EVIDENCE

The Plaintiff seeks consideration of new evidence in this case, particularly the fully favorable decision which was later issued as effective one day after the first ALJ's decision, and six exhibits of the Plaintiff's medical records subsequent to the date of her hearing. [Docs. 11-12]. The Plaintiff argues that such evidence is new and material evidence that should be considered in this Court's evaluation of the appeal of the ALJ's unfavorable decision. [Id.].

According to the sixth sentence of 42 U.S.C. § 405(g), the Court "may . . . at any time order additional evidence to be taken before the Secretary, but only upon a showing that there is new evidence which is material and

that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding . . ." Evidence is new if it is not "duplicative or cumulative," Wilkins v. Secretary, Dep't of Health & Human Servs., 953 F.2d 93 (4th Cir. 1991), and it is material "if there is a reasonable possibility that the new evidence would have changed the outcome." Id. at 96. Although evidence does not have to have existed during the period under consideration by the instant case's ALJ, it must relate to that period, Jackson, 1:09CV467, 2011 WL 2694623 at *2 (citing Bradley v. Barnhart, 463 F. Supp. 2d 577 (S.D. W.Va. 2006)), and must "bear directly and substantially on the matter in dispute." Jackson, 1:09CV467, 2011 WL 2694623 at *2 (quoting Bruton v. Massanari, 268 F.3d 824 (9th Cir. 2001)).

As noted by the Fourth Circuit, "[a] subsequent favorable decision itself, as opposed to the evidence supporting the subsequent decision, does not constitute new and material evidence under § 405(g)." Baker v. Comm'r of Soc. Sec., 520 F. App'x 228, 229 (4th Cir. 2013) (quoting Allen v. Commissioner, 561 F.3d 646, 653 (6th Cir. 2009)). When "disability is found upon subsequent applications on substantially the same evidentiary background as was considered with respect to prior applications without such occurrences [,] . . . the disability onset date might reasonably be sometime prior to the ALJ's decision respecting the prior applications in

4

view of a subsequent finding of disability." Reichard v. Barnhart, 285 F. Supp. 2d 728, 736 n. 9 (S.D. W.Va. 2003).

Here, the subsequent favorable determination of the Plaintiff's disability was based upon medical record of evidence, all of which was dated after the initial unfavorable decision was rendered. [Doc. 11-1]. Notably, the favorable determination references medical record evidence from December 22, 2011 through February 15, 2013, well after the time period for which evidence was gathered for the initial determination on December 20, 2010. [Id.]. The evidentiary background for the subsequent favorable decision was entirely distinguishable from the evidence for the initial unfavorable decision. Reichard, 285 F. Supp. 2d at 736. The Plaintiff asserts that "the same physical and mental limitations experienced by the Plaintiff during the time of the case now under review, existed at the earlier time," but has failed to demonstrate how the required elements of newness and materiality are present for the subsequent decision. [Doc. 12, 7]. Thus, the subsequent favorable decision for the Plaintiff will not be considered in this case and the initial decision will not be remanded on the basis of the subsequent favorable decision.

The new medical evidence which the Plaintiff seeks to submit in this case includes (1) an examination report by Stephen Burgess, M.D., Ph.D.,

5

dated January 30, 2013; (2) a psychological assessment by Mindy Pardoll, Psy.D., dated January 15, 2013; (3) an admission note from Neil Dobbins Center dated December 21, 2011; (4) an emergency room report by William T. Sither, M.D., dated June 25, 2012; (5) an admission note by Dale Nash, M.D., of Transylvania Regional Hospital on July 21, 2012; and (6) an admission note to Broughton Hospital on August 6, 2012. [Doc. 11]. Each of these medical exhibits dates substantially later than October 6, 2010, the date of the Plaintiff's initial ALJ hearing. The Plaintiff suggests that the medical evidence relates to the same physical and mental limitations of the Plaintiff during her initial case and merely more "precisely" and "accurately" documents her limitations for which she was unable to seek treatment at the time of her first hearing. [Doc. 12 at 5, 7]. The Plaintiff's counsel, however, has failed to articulate specifically how the required elements of newness and materiality are present in the six medical exhibits. [Doc. 12]. Although the Plaintiff's counsel has referenced the Plaintiff's statements at her hearing regarding her difficult impairments and her difficulty obtaining treatment, he has failed to articulate how any of the new medical evidence relates to the Plaintiff's conditions prior to the subsequent favorable decision. [Id.].

Thus, the Plaintiff has provided no argument sufficient to warrant such medical evidence to be submitted in this case, and the initial decision will not be remanded on the basis of the subsequent medical record evidence.

**IV.     THE SEQUENTIAL EVALUATION PROCESS**

In determining whether or not a claimant is disabled, the ALJ follows a five-step sequential process. 20 C.F.R. §§ 404.1520, 416.920. If the claimant's case fails at any step, the ALJ does not go any further and benefits are denied. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).

First, if the claimant is engaged in substantial gainful activity, the application is denied regardless of the medical condition, age, education, or work experience of the applicant. 20 C.F.R. §§ 404.1520, 416.920. Second, the claimant must show a severe impairment. If the claimant does not show any impairment or combination thereof which significantly limits the claimant's physical or mental ability to perform work activities, then no severe impairment is shown and the claimant is not disabled. Id. Third, if the impairment meets or equals one of the listed impairments of Appendix 1, Subpart P, Regulation 4, the claimant is disabled regardless of age, education, or work experience. Id. Fourth, if the impairment does not meet the criteria above but is still a severe impairment, then the ALJ reviews the

claimant's residual functional capacity (RFC) and the physical and mental demands of work done in the past. If the claimant can still perform that work, then a finding of not disabled is mandated. Id. Fifth, if the claimant has a severe impairment but cannot perform past relevant work, then the ALJ will consider whether the applicant's residual functional capacity, age, education, and past work experience enable the performance of other work. If so, then the claimant is not disabled. Id.

## V.   THE ALJ'S DECISION

On December 20, 2010, ALJ Lamb issued a decision denying the Plaintiff's claim. [T. 25-35]. Proceeding to the sequential evaluation, the ALJ found that the Plaintiff's date last insured was December 31, 2013 and that she had not engaged in substantial gainful activity since June 1, 2008. [T. 27]. The ALJ then found that the medical evidence established the following severe impairments: mood disorder, fibromyalgia, substance abuse disorder, migraine disorder, hearing loss, and obesity. [T. 27]. The ALJ determined that none of Plaintiff's impairments met or equaled a listing. [T. 28].

The ALJ then assessed the Plaintiff's residual functional capacity (RFC), finding that the Plaintiff had the ability to perform sedentary work as defined in 20 C.F.R. § 404.1567(a) and 416.967(a) except that she must be

8

afforded the ability to alternate at will between sitting and standing positions. [T. 29]. Further, the ALJ found that the Plaintiff is restricted to low stress work of occasional changes in work setting and occasional requirements for decision making, as a result of her mental impairments. [Id.]. Additionally, the ALJ noted that the Plaintiff is limited to simple, routine, and repetitive tasks with only occasional contact with the public and coworkers. [Id.]. The ALJ found that the Plaintiff was unable to perform any past relevant work. [T. 33-34]. Because the ALJ found that the transferability of job skills is not material to the determination of disability since the Medical-Vocational Rules yield a finding of "not disabled," he ruled that the Plaintiff was not disabled and that there were jobs existing in significant numbers in the national economy that the Plaintiff could perform. [T. 34-35].

## VI. DISCUSSION[1]

The Plaintiff asserts the following assignments of error: (1) that the ALJ failed to assign appropriate weight to the mental health opinions from the Plaintiff's treating clinicians and the evaluating clinician, Dr. Joseph H. Lanier, and (2) that the ALJ failed to properly interpret the testimony of the

---

[1] Rather than set forth a separate summary of the facts in this case, the Court has incorporated the relevant facts into its legal analysis.

vocational consultant, Mr. Carl Weldon. [Doc. 14, 1-2]. The Court will address each of these assignments of error in turn.

### A. The ALJ's Assignment of Weight to Mental Health Opinions

The Plaintiff claims that the ALJ failed to assign appropriate weight to the mental health opinions from the Plaintiff's treating clinicians and the evaluating clinician, Dr. Joseph Lanier. [Doc. 14, 1].

An ALJ must evaluate every medical opinion received in the record, regardless of its source. 20 C.F.R. § 404.1527(c). A "medical opinion" is a "judgment [ ] about the nature and severity of [the claimant's] impairment(s), including [the claimant's] symptoms, diagnosis and prognosis, what [the claimant] can still do despite impairment(s), and [the claimant's] physical or mental restrictions." 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2). In evaluating the weight of a medical source, the ALJ must consider certain factors including: the examining relationship, the length of the treatment relationship, the frequency of examination, the nature and extent of the treatment relationship, the supportability of the medical source, the consistency of the medical source, the specialization of the provider, and any other factors which tend to support or contradict the opinion. 20 C.F.R. § 404.1527(c)(1–6).

An ALJ must give controlling weight to the opinion of a claimant's treating physician when the opinion concerns the nature and severity of an impairment, is well supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with the other substantial evidence in the case record. 20 C.F.R. § 404.1527(c)(2). Thus, an opinion of a treating physician is not entitled to controlling weight if it is unsupported by medically acceptable clinical and laboratory diagnostic techniques and/or inconsistent with other substantial evidence of record. Id.; see also Rogers v. Barnhart, 204 F. Supp. 2d 885, 893 (W.D.N.C.2002) ("Even the opinion of a treating physician may be disregarded where it is inconsistent with clearly established, contemporaneous medical records").

Initially, the Court notes that it will only consider the arguments that have been briefed in this case. Here, the Plaintiff's counsel has merely indicated that Dr. Lanier's findings "are entirely consistent with the findings of the treating clinicians who saw the Plaintiff, and also are entirely consistent with the evaluations of both the treating clinicians and the consultative examination performed on the Plaintiff during her subsequent application for benefits . . .". [Doc. 14, 9]. As discussed previously, this Court will not consider the Plaintiff's subsequent medical evidence in the determination of this case.

The Plaintiff's counsel has failed to indicate in any way how Dr. Lanier's findings could be characterized as consistent with the findings of the Plaintiff's other treating clinicians, and it is not the job of this Court to parse the Plaintiff's medical records prior to her hearing to look for such consistency and thus substitute its judgment for the ALJ's judgment. The ALJ already considered the Plaintiff's medical evidence prior to her hearing, and clearly indicated why he gave no weight to Dr. Lanier's findings. [T. 31-33]. He indicated that the visit with Dr. Lanier was a one-time evaluation rather than a lasting treatment relationship, noted that Dr. Lanier compiled a report that was primarily the Plaintiff's self-reported history, referenced the specific findings of Dr. Lanier's report, and then stated:

> I gave this report no weight for several reasons. An individual with such dire limitations would not have been able to appear before me and sustain herself at hearing as claimant did. Nor would an individual with such limitations have been able to maintain the kind of employment claimant maintained during the period of alleged disability.
>
> I find that Dr. Lanier's holdings, if they can be determined to be more than a mere regurgitation of claimant's self-reported history, are too sympathetic to the claimant's plight. His findings are vastly different than the rest of the medical record, and do not find any basis whatsoever in any objective medical evidence. Dr. Lanier did not cite any other part of the record, which was well established by the time claimant's attorney referred her to him. Also, Dr. Lanier, as a one-time examiner, is not due the

> credence and deference due a treating source. As his report appears to be "purchased evidence," I assign it no weight whatsoever.

[T. 33]. Further, the Defendant provided detailed explanation of the inconsistencies of Dr. Lanier's findings with the Plaintiff's record. [Doc. 17, 5-9].

The Plaintiff's counsel merely concludes that "it is clear that Dr. Lanier's opinion and evaluations are entirely consistent with" the evaluations of the Plaintiff's other treating clinicians. [Doc. 14]. As Plaintiff's counsel has failed to offer any legitimate factual or legal basis for this conclusory argument, this assignment of error is overruled. This Court has sanctioned Attorney Gudger previously for his conduct in Social Security cases and his failure to comply with the Court's prior Orders. See e.g. Hardy v. Astrue, No. 1:11 cv299, 2013 WL 566020 (W.D.N.C. Feb. 13, 2013) (Reidinger, J.); Hardy v. Astrue, No. 1:11cv299, 2013 WL 66082 (W.D.N.C. Jan. 4, 2013) (Howell, Mag. J.); Hardy v. Astrue, No. 1:11cv299, 2012 WL 2711478 (W.D.N.C. Jul. 9, 2012) (Howell, Mag. J.). Attorney Gudger is responsible for ensuring that his pleadings comply with the Court's prior Orders as well as the requirements of Rule 11 of the Federal Rules of Civil Procedure, regardless of who is actually drafting the pleadings. See Fed.R.Civ.P. 11(b); Willis v. Colvin, 2:12-CV-00011-MR-

DLH, 2014 WL 1400967, *4 (W.D.N.C. Apr. 10, 2014). This Court admonishes Attorney Gudger to refrain from this type of conclusory briefing in the future.

Thus, the Plaintiff's first assignment of error is without merit.

### B. The ALJ's Treatment of Vocational Opinion

The Plaintiff next argues that the ALJ improperly interpreted the testimony of the vocational consultant, Mr. Carl Weldon. [Doc. 14, 1-2]. This argument will not be addressed by the Court, however, because it was not briefed by the Plaintiff's counsel.

Thus, the Plaintiff's second assignment of error is likewise without merit.

### O R D E R

Accordingly, **IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion to Receive New and Material Evidence and Remand Case [Doc. 11] is **DENIED**.

**IT IS FURTHER ORDERED** that the Plaintiff's Motion for Summary Judgment [Doc. 13] is **DENIED**; the Defendant's Motion for Summary Judgment [Doc. 16] is **GRANTED**; the decision of the Commissioner is **AFFIRMED**; and this case is **DISMISSED**.

A judgment shall be entered simultaneously herewith.

**IT IS SO ORDERED.**

Signed: September 8, 2014

Martin Reidinger
United States District Judge